# IN THE COURT OF APPEALS OF IOWA

No. 19-1873
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHANJUOK OBUING ODHUNG,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

A defendant challenges his conviction and sentence for robbery in the first degree. **AFFIRMED.**

Kelsey L. Knight of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Special Counsel, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

A jury found nineteen-year-old Chanjuok Obuing Odhung guilty of first-degree robbery after hearing evidence he drove the getaway car. The district court entered judgment in November 2019, sentencing him to twenty-five years in prison with a fifty-percent minimum term. First, Odhung claims his trial attorney failed to make a proper motion for judgment of acquittal. Second, he urges mandatory-minimum terms are cruel and unusual punishment for all teenaged offenders and thus unconstitutional. *See* Iowa Const. art. I, §17.

Because of statutory amendments to Iowa Code section 814.6 (2019), we lack authority to consider Odhung's ineffective-assistance-of-counsel claim on direct appeal. *See State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020) (holding statutory revisions applied to judgment entered on or after July 1, 2019). Odhung may challenge counsel's performance if he petitions for postconviction relief.

Our hands are tied on his sentencing issue too. *State v. Lyle* held that the Iowa Constitution prohibits imposing mandatory-minimum sentences on offenders who committed their crimes as juveniles. 854 N.W.2d 378, 404 (Iowa 2014). That holding applies only to offenders under age eighteen. *Id.* at 403 (noting "lines are drawn by necessity"). Nothing in the language from *State v. Sweet*, 879 N.W.2d 811, 838 (Iowa 2016), changes the reach of *Lyle*'s holding. *See State v. Allen*, No. 16-0095, 2017 WL 2181178, at *2 (Iowa Ct. App. May 17, 2017); *Burton v. State*, No. 16-0670, 2017 WL 510951, at *1 (Iowa Ct. App. Feb. 8, 2017). We must leave any extension of *Lyle* to our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (confirming the court of appeals must rely on precedent).

**AFFIRMED.**